**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl G. Burkin,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV-11-446-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 23.) As the prevailing party, Plaintiff moves for attorney's fees in the amount of $5,121.06. The Commissioner does not contest the reasonableness of the amount of fees submitted, but opposes the motion for attorney's fees contending that the government's position was substantially justified. (Doc. 22.)

Plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(b). At Step 5, this Court found Plaintiff's mental limitations disabling, reversed the Commissioner's final decision, and remanded this case to the Commissioner for an award of benefits pursuant to sentence 4 of the Social Security Act, 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). In the underlying agency proceeding, the Administrative Law Judge ("ALJ") had determined that Plaintiff was not disabled because even though he could not return to his past relevant work, there was work in the national economy that he could perform despite his mental limitations. (Doc. 21 at

2.) On the issue of whether Plaintiff's mental limitations were disabling, there was conflicting medical evidence between the examining psychiatrist and the non-examining psychologists. The ALJ conceded that if she accepted the "marked" mental work limitations assessed by the examining psychiatrist, it would preclude Plaintiff from performing sustained work. (Doc. 21 at 10-11.) In addition to three other "marked" mental work limitations, the examining psychiatrist specifically found that Plaintiff could not complete a normal workday and workweek without interruptions from psychologically based symptoms and could not perform at a consistent pace without an unreasonable number and length of rest periods. (Id. at 10.) Regarding the conflict in the medical evidence, the Court found that the ALJ had not met her burden of laying out "specific, legitimate reasons" for rejecting the examining psychiatrist's opinion by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. (Id. at 13.) Regarding Plaintiff's subjective symptom testimony, the Court also found that the ALJ erred in the manner by which she discounted his subjective symptom testimony. (Id. at 13-15.)

The parties dispute whether the position taken by the ALJ and the Commissioner's defense of the ALJ position were substantially justified.

Legal Standard

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" includes reasonable attorney's fees. Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government's position was "substantially justified." Under the EAJA, substantial justification means that the

government's position must have a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988); Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA."). The government bears the burden of showing that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005).

Discussion–Substantial Justification

The assessment of whether the position of the government is substantially justified includes, in addition to the position taken by the Commissioner in the civil action, the action or failure to act by the agency upon which the civil action is based. See 28 U.S.C. § 2412(d)(2)(D); Comm'r, INS v. Jean, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions").

As previously noted, the ALJ here conceded that if she accepted the "marked" mental work limitations assessed by Examining Psychiatrist Dr. Robert Narvaiz, it would preclude Plaintiff from performing sustained work. (Doc. 21 at 10-11.) Following circuit precedent, the Court discussed the greater weight that is assigned to the opinion of an examining physician over and above the opinion of a non-examining physician. See Andrews, 53 F.3d at 1041. An ALJ may reject the opinion of an examining physician, if contradicted by a non-examining physician, only by providing specific, legitimate reasons that are supported by substantial evidence in the record. See Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). In this case, the ALJ rejected Dr. Narvaiz's mental limitations assessment and credited the opinions of the non-examining physicians without providing specific, legitimate reasons that were supported by substantial evidence in the record. (Doc. 21 at 11.) Regarding Plaintiff's subjective symptom testimony, the Court also found that the ALJ erred in the manner in which she discounted his subjective symptom testimony. (Id. at 13-15.)

The Commissioner maintains that his litigation position in this action--that the ALJ

- 3 -

did not wholly reject Dr. Narvaiz's opinion-- was reasonable, and at the agency level, that the ALJ's treatment of Dr. Narvaiz's opinion was reasonable. (Doc. 26 at 5-6.) Specifically, at the agency level, although the ALJ rejected Dr. Narvaiz's opinion as to the severity of Plaintiff's mental limitations, the ALJ sought to reconcile Plaintiff's mental limitations as assessed by Dr. Narvaiz by limiting Plaintiff to simple work with minimal social and public contact. (Id. at 6.) This finding, the Commissioner argues, was a reasonable assessment of Plaintiff's ability to work. (Id.)

The Court does not agree. Circuit precedent specifically describes the requirement of a sufficient explanation when the ALJ is crediting the opinions of the non-examining physicians and rejecting the assessment of the examining psychiatrist regarding mental limitations. The ALJ did not comply. Such a failure to comply constitutes legal error. See Gutierrez v. Barnhart, 274 F.3d 1255, 1259–60 (9th Cir. 2001). The Commissioner implicitly agrees arguing that any ALJ error was harmless because the record as a whole supports the ALJ position. (Doc. 26 at 6.) At this juncture the Court is not re-litigating the disability finding. The Commissioner was not substantially justified in defending the ALJ's failure to provide a sufficient explanation of why she chose to reject Dr. Narvaiz's mental limitations assessment of Plaintiff.

The Court's inquiry is at an end. Because the Commissioner was not substantially justified in defending the ALJ's failure to provide a sufficient explanation, the Court need not further evaluate whether the Commissioner was substantially justified in defending the ALJ's error in the manner by which she discounted Plaintiff's subjective symptom testimony. (Id. at 13-15.)

Reasonableness of Fees

Plaintiff's counsel requests $5,121.06 in attorney's fees for 28.3 hours of work performed in 2011 and 2012. (Doc. 24 at 7; Doc. 25.) Specifically, Plaintiff's counsel requests fees for 25 hours of work in 2011 and 3.3 hours in 2012. EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost of living increases. See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th

Cir. 2001). Pursuant to the EAJA and Thangaraja v. Gonzalez, 428 F.3d 870, 876–77 (9th Cir. 2005), the Court will award Plaintiff's counsel a cost of living increase for billed hours. Counsel will be compensated at the requested statutory rate of $180.59 per hour for work performed in 2011 and $183.73 per hour for work performed in 2012. (Doc. 25-1 at 1.)

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Application for Attorney's Fees and Costs pursuant to the Equal Access to Justice Act. (Doc. 23.) Plaintiff is awarded attorney's fees in the amount of $5,121.06. This payment shall be made payable to Plaintiff and shall be paid by the Agency.

**DATED** this 21st day of November, 2012.

*[signature]*

Stephen M. McNamee
Senior United States District Judge